■ LEON NAVARA, Respondent, v. M. WITMARK & SONS et al., Appellants.— Order, dated April 8, 1960, disallowing all of defendants' proposed amendments, except that one amendment referring to the change effected in paragraph 9 of the supplemental complaint, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ LILLIAN NEWMAN, Respondent, v. FIELD PHARMACEUTICALS, INC., et al., Appellants, et al., Defendant.— Order, dated April 12, 1960, granting plaintiff's motion for a priority to examine the defendants before trial unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ MARGARET HRICA et al., Appellants, v. ALFRED GRICZEWICZ, Respondent.— Order denying plaintiffs' motion for a preference under subdivision 5 of rule V of the New York County Supreme Court Trial Term Rules dated December 17, 1959, unanimously modified in the exercise of discretion to grant leave to renew, and as so modified, otherwise affirmed, with $20 costs and disbursements to defendant-respondent. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ In the Matter of the Arbitration between PLASTIC MOLDED ARTS CORP., Respondent, and A & H DOLL MFG. CORP., Appellant.— Order, dated March 30, 1960, granting petitioner's application for a stay of arbitration, unanimously affirmed, with $20 costs and disbursements to the petitioner-respondent. No opinion. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ BRISTOL-MYERS COMPANY, Respondent, v. BARGAINTOWN U. S. A. No. 2 CORP., Appellant.— Order granting plaintiff's motion to examine defendant pursuant to section 293 of the Civil Practice Act, dated November 23, 1959, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Settle order. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ In the Matter of the Arbitration between LUGGAGE WORKERS UNION, LOCAL 60, ILGP & NWU, Respondent, and MAJOR MOULDERS, INC., Appellant.— Order, denying defendant's motion to stay arbitration, dated April 14, 1960, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to appellant, and the motion to stay the arbitration is granted, with $10 costs. Appellant entered into an agreement with the union wherein it was provided that within 30 days from the date thereof, the parties would enter into a "full length collective bargaining agreement with the Union upon the same terms and conditions as provided in the Union's contracts with Employers in the Industry generally, except in the following specific respects". No copy of the so-called general industry contract was annexed. No such later agreement was entered into. Any dispute which might arise under the initial agreement was to be "settled in the same manner as will be provided in the collective bargaining agreement to be entered into as hereinabove stated". In effect, the union was seeking arbitration under a collective agreement that was never consummated. That unexecuted agreement was to contain the provisions for the machinery of arbitration. Without such a binding collective agreement, there was no effective commitment by the parties to arbitrate. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.